IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. Bank, National Association, | NO. C 10-01259 JW |
| Plaintiff, | **ORDER REMANDING CASE TO STATE COURT; VACATING CASE MANAGEMENT CONFERENCE** |
| v. | |
| Tony Valdez, et al., | |
| Defendants. | |

This case is scheduled for a Case Management Conference on June 28, 2010. Defendant Jose Lopez ("Lopez") filed a Case Management Conference Statement.[1] Upon review of the Notice of Removal and the Complaint, the Court *sua sponte* finds that the case should be remanded for lack of subject matter jurisdiction.

The federal removal statute permits the removal from state court to federal court of cases that might have been filed in federal court originally. See 28 U.S.C. § 1441(a). Under section 1441(b), an action may be removed if the complaint alleges "a claim or right arising under the Constitution, treaties or laws of the United States . . . ." Alternatively, an action may be removed only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). A district court

---

[1] (Docket Item No. 8.) Plaintiff has failed to join in Defendant's Statement or file their own Statement.

must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." <u>Prize Frize Inc. v. Matrix Inc.</u>, 167 F.3d 1261, 1265 (9th Cir. 1999).

It is well settled that a complaint that is based entirely on state law is not removable by virtue of anticipated federal defenses or counterclaims. <u>See</u> <u>Louisville & Nashville R.R. Co., v. Motley</u>, 211 U.S. 149, 152 (1908); <u>Takeda v. Northwestern Nat'l Life Ins. Co.</u>, 765 F.2d 815, 821 (9th Cir. 1985); <u>Vaden v. Discover Bank</u>, 129 S.Ct. 1262, 1272 (2009) (citation omitted).

Here, Defendant Lopez removed the action on the ground that the Court has original jurisdiction pursuant to 28 U.S.C. § 1331, citing vague congressional statutes as the basis of his counterclaims. (Notice of Removal at 1, Docket Item No. 1.) However, the original Complaint filed in state Court only asserts state law claims against Defendant, namely, unlawful detainer and other related claims. (Notice of Removal at 64.) Thus, Defendant's removal was improper. Further, Defendant was served with the Complaint on or about December 8, 2009, but did not remove this action until March 25, 2010. (<u>See</u> Notice of Removal at 6.) Since Defendant removed this action more than 30 days after being served with the Complaint, removal is untimely. <u>See</u> 28 U.S.C. § 1446(b).

Accordingly, the Court VACATES the June 28 Case Management Conference and REMANDS the case to the Superior Court of California for the County of Santa Clara.

The Clerk of Court shall immediately remand this case and close the file.[2]

Dated: June 24, 2010

*James Ware*
JAMES WARE
United States District Judge

---

[2] Since the Court REMANDS the case *sua sponte*, the Court DENIES as moot Defendant Lopez's Motion for Leave to Proceed *in Forma Pauperis*. (Docket Item No. 2.)

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Randall David Naiman Randall@Naimanlaw.com

Jose Lopez
3283 Hostetter Road
San Jose, CA 95123

| | |
|---|---|
| **Dated:  June 24, 2010** | **Richard W. Wieking, Clerk** |
| | **By:    /s/ JW Chambers** |
| | **Elizabeth Garcia** |
| | **Courtroom Deputy** |

United States District Court
For the Northern District of California